779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DANNY SYLVESTER TRAVIS, Petitioner-Appellant
v.
DALE FOLTZ, Respondent-Appellee.
 85-1201
 United States Court of Appeals, Sixth Circuit.
 10/9/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MARTIN and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Appellant appeals the district court's order denying his habeas corpus petition brought under 28 U.S.C. Sec. 2254 and now moves this Court for in forma pauperis status and appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of appellant's brief and the certified record and transcript, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant was tried and convicted by a jury of first degree murder on July 14, 1979. He was sentenced to life imprisonment. A sus sponte Allen charge was given by the Court on the second day of jury deliberations, Saturday, July 14, 1979. When the charge was given, the jury had deliberated only five to six hours due to various jury requests for the Court to read trial testimonies and clarify jury instructions. When the charge was given, the Court realized that the jury had neither deliberated long, nor indicated that they had reached an impasse. Appellant contends that the sua sponte Allen charge was coercive, and deprived him of a fair and impartial jury trial by impeding the free exchange of ideas between the jurors. The district court ordered and accepted the U.S. Magistrate's report and recommendation on the matter, and found appellant's contentions to be without merit. This Court agrees.
 
 
 3
 Upon consideration of the totality of circumstances under which the Allen charge was given, this Court finds that the charge was not coercive and appellant was not prejudiced. Allen v. United States, 164 U.S. 492 (1896); Williams v. Parker, 741 F.2d 847 (6th Cir. 1984). The trial court did not focus the charge at a minority of the jurors, or poll the jury to determine if a minority existed. Allen, supra. Even though the jury had not reached an impasse, the Court was reasonably aware that assistance was needed due to a number of requests by the jury for the reading of testimonies and clarification on jury instructions. Assistance was given by the Court diligently without pressure to hasten the decision-making process. Specifically the jury was informed that deliberations could continue beyond the second day. Moreover, the Court stressed the necessity of each juror reaching an individual verdict and not compromising honest convictions for the purpose of returning a jury verdict.
 
 
 4
 Because the Allen charge in this case was not coercive, it is not necessary to consider the length of time between the Allen charge and the return of the jury verdict to discern if appellant was prejudiced. United States v. Giacalone, 588 F.2d 1158, 1168 (6th Cir. 1978), cert. denied, 441 U.S. 944 (1979).
 
 
 5
 Accordingly, it is ORDERED that appellant's motion to proceed in forma pauperis be and hereby is denied, the motion for counsel is denied, and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).